RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
4/10/15
YT

b

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

LAMAR THOMPSON,
Plaintiff

CIVIL ACTION
SECTION "P"
NO. 1:14-CV-00419

VERSUS

DENISE MAYS,
Defendant

DISTRICT JUDGE TOM STAGG
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion for summary judgment filed by defendant (Doc. 25). The undersigned Magistrate Judge recommends that defendant's motion for summary judgment be denied.

Plaintiff Lamar Thompson ("Thompson") filed a complaint filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971),[1] on February 3, 2014 and amended on March 13, 2014 (Doc. 6). The sole named defendant is Denise Maze ("Maze"),[2] a case manager coordinator employed at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock").

---

[1] Bivens defendants are federal officials brought into federal court for violating the Federal Constitution. Bivens-type actions may be brought only against federal agents and not federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 1006 (1994); Whitley v. Hunt, 158 F.3d 882 885 (5th Cir. 1998). Under Bivens, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997).

[2] Maze's name is misspelled in Thompson's pleadings as "Mays."

Thompson contends that, on May 1, 2013, when Thompson was confined in the SHU at USP-Pollock and Maze was making rounds there, Thompson asked Maze why she refused to assist him with his legal work and Maze loudly replied that she did not assist snitches.[3] Thompson contends Maze called him a snitch loud enough for all of the inmates on the floor to hear her, and the other inmates started making verbal threats to Thompson as soon as Maze left. Thompson contends that, since Maze told everyone he was a snitch, every cell mate he has had has been aware of it and his life has been threatened. For relief, Thompson asks for an injunction against Maze working in the SHU and monetary damages (including punitive) (Doc. 6). Since then, Thompson has been released from prison and is presently residing in Columbus, Ohio (Doc. 29).

Defendant answered the complaint and asked for a jury trial (Doc. 21). Defendant filed a motion for summary judgment raising the defense of lack of exhaustion (Doc. 25), to which Thompson filed an opposition (Doc. 29) and defendant replied (Doc. 31).

Defendant's motion for summary judgment is now before the court for disposition.

<u>Law and Analysis</u>

Maze filed a motion for summary judgment alleging that

---

[3] Thompson provided an affidavit from inmate Jimmie McDougle who confirms that Maze said loudly that she does not "talk to or assist snitches, snitch m****r f****r" (Doc. 6).

Thompson failed to exhaust his available administrative remedies (Doc. Item 25).[4]

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). Thus, federal prisoners suing under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit. Porter, 534 U.S. at 524, 122 S.Ct. at 988. Resort to a prison grievance process must precede resort to a court. Porter, 534 U.S. at 529, 122 S.Ct. at 990. See also, Jackson v. Dobre, 2002 WL 31016915, 48 Fed.Appx. 104 (5th Cir. 2002)("futility is no

[4] Defendant also contends Thompson did not state a claim for retaliation. However, Thompson's claim is that a staff member, Maze, labeled him a snitch. A prison official acts with deliberate indifference if he helps create a risk to an inmate's health or safety, such as when a prison official disseminates information that an inmate is a snitch. Adames v. Perez, 331 F.3d 508, 514 (5th Cir. 2003). In order to show there was a substantial risk to his safety, an inmate-plaintiff must show other inmates knew or believed the plaintiff was a snitch. Adames, 331 F.3d at 514.

longer an exception to the exhaustion requirement").

The exhaustion requirement imposed by amended § 1997e is not jurisdictional. Woodford v. Ngo, 548 U.S. 81, 101, 126 S.Ct. 2378, 2392 (2006); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). The exhaustion requirement may be subject, in rare instances, to certain defenses such as waiver, estoppel, or equitable tolling. Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003).

Maze contends that Thompson never filed a completed claim to the Bureau of Prison's Central Office at the third step (Doc. 25). Maze did not submit Thompson's claim forms and the responses, but instead submitted an affidavit from Tamala Robinson, a legal assistant with the U.S. Bureau of Prisons who has access to SENTRY, a computerized index of all administrative remedy requests filed with the BOP (Doc. 25). Robinson states in her affidavit that she reviewed the summary of Thompson's administrative remedy requests that is in SENTRY,[5] and states that Thompson's appeal to the Central Office was rejected twice for failure to submit copies of his previous grievance requests and responses (Doc. 25).

The administrative remedy procedures which must be followed by a federal prison inmate are set forth in 28 C.F.R. §§ 542.10, et seq. Those regulations provide for a an informal resolution attempt filed with the prison staff, a first step formal grievance

---

[5] The SENTRY summary referred to in Robinson's affidavit is not attached to defendant's motion.

filed with the warden, a second step appeal to the Regional Director, and a third step appeal to the General Counsel, as set forth in 28 C.F.R. § 542.15.

Section 542.15(b)(1) provides that, "Appeals to the Regional Director shall be submitted on the form designed for regional Appeals (BP-10) and accompanied by one complete copy or duplicate original of the institution Request and response. Appeals to the General Counsel shall be submitted on the form designed for Central Office Appeals (BP-11) and accompanied by one complete copy or duplicate original of the institution and regional filings and their responses. Appeals shall state specifically the reason for appeal."

Thompson contends in his response to the motion that he submitted the completed claim form to the Central Office but did not receive a response from the Central Office within the time limit,[6] so he filed his lawsuit (Docs. 6, 29). Thompson contends

---

[6] Section 542.18 provides for the Bureau of Prison's Response Time:

> "If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. If the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing. If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central

he received a response from the Central Office after he filed his lawsuit (Doc. 29); however, Thompson did not attach a copy of that response to his pleadings. Thompson argues the Central Office defaulted by not answering his grievance within the statutory time limits.

Thompson also shows that he twice informed the Central Office that he never received a response from the regional office, so there was no response for him to attach, and that his counselor at USP-Pollock told Thompson that the copies of his grievances and the responses had been shredded, so he did not have any responses to attach (Doc. 6, Ex.).

However, pursuant to 28 U.S.C. § 542.19, Access to Indexes and Responses, each institution within the Bureau of Prisons must maintain its own Administrative Remedy index, the indices of all institutions in its region, and the index of the Central Office, and the Central Office must maintain its own Administrative Remedy index and the indices of every institution and regional office. Pursuant to Section 542.19, inmates and members of the public have a right to access the Administrative Remedy indices and responses.

In summary, defendant contends Thompson failed to exhaust his

---

> Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."

According to Robinson's affidavit (Doc. 25), the Central Office's responses were timely.

administrative remedies because, at the third step, he did not attach copies of the responses to his lower level grievances, which Thompson had requested and been told were no longer available. According to the pleadings and evidence, Thompson was not informed about the availability of the responses through the index by his counselor at the prison or by the Central Office, and that information does not appear to be included in the prison handbook (which is available online).

Therefore, it appears that, when Thompson was told by a counselor at USP-Pollock that he could not have a copies of his administrative remedy responses because they had been shredded, he was actively misled into believing he no longer had access to them.[7] Although Thompson explained that his counselor had told him the copies of his responses had been destroyed in his response to the Central Office request for copies, the Central Office simply informed him again that he must attach copies of his responses and did not tell him how to obtain them (See Doc. 6, Ex.). Therefore, it appears that Thompson may have been actively misled and thwarted in his efforts to exhaust his administrative remedies, effectively

[7] The Inmate Handbook for USP-Pollock explains the administrative remedy process and states that copies of the previous complaints and responses must be attached to the next level complaints, but does not explain where to obtain copies of the complaints and responses. See pages 32-33 of "USP Pollock Admissions & Orientation Handbook" *available at* http://www.bop.gov/locations/institutions/pol/.

rendering the grievance procedures at USP-Pollock unavailable to Thompson.

Since there are genuine issues of material fact as to whether Thompson exhausted his administrative remedies, whether there were administrative remedies actually available to Thompson, and whether defendants should be estopped from relying on the defense of lack of exhaustion, defendant's motion for summary judgment (Doc.25) should be denied at this time.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion for summary judgment (Doc. 25) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ~~2nd~~ 8th day of April 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE